## MELFA v. COMMISSIONER OF PERSONNEL, STATE OF MARYLAND, ET AL.

[No. 102, September Term, 1965.]

*Decided January 7, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

*Leonard J. Kerpelman* for appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General,* and *Franklin Gold-
stein, Assistant Attorney General,* on the brief, for appellee.

PER CURIAM.

This appeal arises under the Administrative Procedure Act,
Code (1957), Art. 41, §§ 244-56. The appellant, Mrs. Melfa, a
clerk in the traffic division of the Municipal Court of Baltimore
City who was dismissed from her position in the classified ser-
vice of the State by the Commissioner of Personnel after a hear-

ing, argues that this action was legally unjustified because the Commissioner refused to receive testimony she offered to show that the Chief Clerk and the Chief Judge of the Municipal Court suspended her and preferred charges against her because of their bias against unions and their animosity against her for having joined one, although she admits that absent these claimed improper motivations, the Commissioner reasonably and fairly could have found her to have been inefficient and incompetent in her work and insolent and insubordinate to her superiors.

Judge Cullen, hearing Mrs. Melfa's appeal under § 255 of Art. 41 of the Code (1957), and applying the tests and standards set out in subsection (g) thereof, affirmed, finding that the claim of rejection of testimony was without merit and that the action of the Commissioner was not unconstitutional, illegal, arbitrary, capricious or erroneous and that it reasonably could have been based upon a fair consideration of the entire record before him. We agree. The contentions of the appellant are frivolous in light of the facts.

The Merit System Law provides in Code (1964 Replacement Vol.), Art. 64A, § 33, that an employee may be removed from the classified service "* * * for cause, upon written charges and after an opportunity to be heard in his own defense," and that "the Commissioner shall, by rule, prescribe what [other than religion or political opinion or affiliation] may constitute cause for removal * * *." Rule 47 of the Commissioner permits permanent removal from the classified service if "* * * the employee is incompetent or inefficient in the performance of his duty" (paragraph A), and if the employee has "* * * failed to obey any lawful or reasonable direction given by his superior officer when such * * * failure to obey amounts to insubordination or serious breach of discipline * * *." (paragraph D). After the Chief Clerk and the Chief Judge had suffered Mrs. Melfa's incompetence and insubordination for some time in the hope that her work and her attitude would improve, her immediate clerical supervisor again complained and in effect insisted on corrective action. The Chief Judge, his patience then exhausted, suspended Mrs. Melfa without pay and promptly filed written charges against her with the Commissioner. At the hearing four witnesses, the Chief Clerk, Mrs. Melfa's im-

mediate clerical supervisor, an alternate supervisor, and a fellow employee testified to her extraordinarily small output of work and the constant errors, serious in consequences, she made in the work she did, as well as to her studied attempts to get other employees to slow down in their work. There was also probative testimony as to both petty and gross insubordination on her part.

At the hearing before the Commissioner Mrs. Melfa's counsel—who did not represent her on this appeal—made it clear early in the proceedings that they desired to show as their main defense that one of the "compelling motives" for Mrs. Melfa's suspension was "animosity" on the part of the Chief Clerk and the Chief Judge to her having joined a union for which they were "out to get her." The Commissioner's answer to this was: "Of course you'll have to substantiate that too then." The Commissioner made it plain to the parties and their lawyers several times that he would not permit Mrs. Melfa to be separated from the service of the State because of her union activity or union membership and that he would hear any relevant and probative testimony that showed or indicated that she had been suspended for this reason. No such testimony was offered.

The Commissioner did refuse to permit cross-examination of one witness by Mrs. Melfa's counsel on matters that had not been gone into on direct, since the witness was available to Mrs. Melfa to call as her own (she did not do so) and refused to admit testimony he thought extraneous or irrelevant—with reason we think—and refused to admit hearsay testimony when counsel for the Municipal Court offered to have at the hearing within half an hour, ready for examination by Mrs. Melfa's lawyers, the declarant sought to be quoted. (This offer was not accepted.) The Administrative Procedure Act states in § 252 (a) of Art. 41 that agencies may admit and give probative effect to evidence which possesses that probative value "* * * commonly accepted by reasonable and prudent men in the conduct of their affairs," and adds that they may exclude incompetent, irrelevant, immaterial and unduly repetitious evidence." We think the Commissioner's rulings were in accord with the letter and spirit of the Act and did not affront any right of the appellant.

*Order affirmed, with costs.*